UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BENEDICT JACOB,

       Petitioner,

v.

                                                 **DECISION AND ORDER**
                                                           11-CV-482S
                                                           10-CR-167S

UNITED STATES OF AMERICA,

       Respondent.

1.       Presently before this Court is the of motion of Petitioner, Benedict Jacob, to vacate, set aside, or correct his sentence and conviction pursuant to 28 U.S.C. § 2255.[1] Jacob alleges such relief is appropriate because his attorney failed to warn him of the deportation consequences of his plea and because his attorney failed to make a motion under the Speedy Trial Act. For the reasons discussed below, this Court finds a hearing on this motion unnecessary and denies Jacob's motion.[2]

2.       On October 28, 2010, in accordance with his plea agreement, Jacob appeared before this Court and pleaded guilty to count one of the indictment in case number 10-CR-167, which, in violation of 18 U.S.C. § 1001(a)(2), charged him with willfully

---

[1] Jacob originally filed a motion styled as a "writ of error corum nobis." (Docket No. 54.) This Court denied that motion but notified him that it would re-characterize it as a motion under § 2255. (Docket No. 56.) Jacob consented. (Docket No. 57.)

[2] § 2255 states that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. "By implication, if the reviewing court finds that the record of the underlying criminal action does conclusively show that the petitioner is entitled to no relief, it may dismiss the petition on the basis of the parties' submissions and need not hold an evidentiary hearing." Yushuvayev v. United States, 532 F. Supp. 2d 455, 471 (E.D.N.Y. 2008).

making a false statement to officers of Customs and Border Protection. (Indictment, at 1[3]; Docket No 19. Plea Hr'g Tr., at 18; Docket No. 60.) Specifically, it charged him with representing to the officers that his name was Osemuanhu Edenojie and that he was a lawful resident alien of the United States, neither of which was true. (Indictment, at 1.)

3. The plea agreement, which Jacob signed and later assented to at the plea hearing, explicitly described the effect that a guilty plea would have on his status in this country:

> Under federal law, the crime to which the defendant is pleading is a removable offense. The defendant understands that, as a result of the offense to which the defendant is pleading guilty, removal is presumptively mandatory.

(Plea agreement, ¶ 15; Docket No. 44.)

4. At the plea hearing, this Court informed Jacob that if he pleaded guilty, he would be subject to deportation. Jacob said that he understood:

> THE COURT: Okay. And Roman numeral V [of the plea agreement] references the fact that -- and that's at the bottom of page 7 and it goes on to the top of the next page -- that it appears that you are not a citizen of the United States. You will be turned over to immigration authorities, and you cannot come back into this country if you are deported without the permission of the Attorney General or Secretary of Homeland Security of this country, do you understand?
> THE DEFENDANT: Yes, your Honor.
> THE COURT: And if you were to come back without proper permission, you would be subject to further prosecution, and you could do considerably more jail time for that crime, do you understand?
> THE DEFENDANT: Yes, your Honor.

(Plea Hr'g Tr., at 15; Docket No. 60.)

---

[3]The Indictment is not paginated. The page number refers to the docket page number.

5. On February 7, 2011, this Court sentenced Jacob to time served—15 months—and noted for the record that it would have considered a sentence within the Guideline range—6–12 months—if Jacob had not already served 15 months. (Sentencing Hr'g Tr., at 7; Docket No. 64.) Defense counsel requested such a notation on the record because, in his words, "most important to Mr. Jacob is not only this proceeding, but the proceeding subsequent to this which will—will be involved with immigration." (Id., at 5.)

6. Jacob now argues, however, that his guilty plea was "entered into involuntarily and unknowingly due to the trial counsel's failure to adequately warn [him] of [the] possible immigration consequences of pleading guilty." (Motion, at 4; Docket No. 54.)

7. This accusation has its roots in the Sixth Amendment, which, in pertinent part, provides that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. Const. amend VI. It is well-established that "the right to counsel is the right to the effective assistance of counsel." Eze v. Senkowski, 321 F.3d 110, 124 (2d Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)).

To establish an ineffective-assistance-of-counsel claim, a defendant must satisfy two requirements: he must show that counsel's performance was deficient and that the deficient performance prejudiced the defense, *i.e.*, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding below would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S .Ct. 2052, 80 L. Ed. 2d 674 (1984). When a conviction is secured by way of plea, the second Strickland factor is modified to require a defendant to demonstrate that, but for counsel's unprofessional errors, he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct.

366, 370, 88 L. Ed. 2d 203 (1985); Tate v. Wood, 963 F.2d 20, 26 (2d Cir. 1992).

For at least two reasons, however, Jacob's ineffective-assistance-of-counsel claim must fail.

8. First, the record conclusively demonstrates that Jacob was aware of the consequences of pleading guilty. As noted, the plea agreement, which Jacob signed, clearly states that "the crime to which the defendant is pleading is a removable offense." (Plea agreement, ¶ 15.) Further, when questioned about the consequences of a plea at the plea hearing, Jacob confirmed that he understood them. (Plea Hr'g Tr., at 15.) Thus, even if his defense counsel did not warn him of the consequences of pleading guilty (which seems particularly doubtful given counsel's request at sentencing), Jacob was made aware of the consequences in his plea agreement and at his plea hearing. This is fatal to Jacob's claim. Zhang v. United States, 506 F.3d 162, 164, 169 (2d Cir. 2007) (dismissing defendant's claim that his guilty plea was involuntary because he was unaware of the deportation consequences, where the judge at the plea allocution told the defendant that his conviction "could result" in deportation); Brown v. United States, No. 10 CIV. 3012 BMC, 2010 WL 5313546, at *6 (E.D.N.Y. Dec. 17, 2010) ("As courts applying Padilla [v. Kentucky, --- U.S. ---- 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)] have recognized, when a defendant learns of the deportation consequences of his plea from a source other than his attorney, he is unable to satisfy Strickland's second prong because he has not suffered prejudice.").

9. Equally fatal to Jacob's claim is that fact that he was not removed solely because of his conviction. Although one of the grounds for removal was his conviction in this Court, separate grounds also existed, namely, Section 212(a)(7)(i)(I) of the Immigration

Nationality Act ("INA"), which mandates the removal of persons who do not posses valid status documentation.[4] (See Removal Decision, at 1; Docket No. 65-5.) Simply put, Jacob would have been removed even without the criminal conviction, and thus, even accepting Jacob's accusations as true, he cannot prove that he was prejudiced by his counsel's alleged failures. See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

10.     Further, the criminal conviction did not factor into the Immigration Judge's decision to deny Jacob's asylum application.

On August 12, 2011, Immigration Judge Victoria L. Hartley found that Jacob was a citizen of Nigeria without legal status in the United States. (Id., at 1, 2, 5.) She further found that his application for asylum should be denied because, failing to show extraordinary circumstances, he did not file for asylum within one year of his latest entry into the United States, as the INA requires. (Id., at 7.) Nor did Jacob demonstrate a clear probability that his life or freedom would be threatened on account of any of the statutory grounds for withholding removal. (Id., at 13, 23.) Finally, Jacob did not show, under the United Nations Convention Against Torture, that it was more likely than not that he would be tortured if he returned to Nigeria. (Id., at 19, 23.) For these reasons, Judge Hartley ordered Jacob to be removed from the United States to Nigeria. (Id., at 24.)

Judge Hartley did not even mention the criminal conviction in the body of her

---

[4]Codified at 18 U.S.C. § 1182, this section prohibits aliens who are "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title" from obtaining a visa or admission into the United States.

decision, and thus, Jacob cannot show that his conviction or this Court's sentence altered the outcome of his asylum application.[5]

Accordingly, his motion is denied.

11.     One final issue requires comment. In his reply memorandum, Jacob abruptly switches tactics, writing, "Contrary to the bald face allegation of AUSA Monica Richards the legal issue involved in this motion is not whether petitioner will be entitled to immigration if the judgment of conviction is vacated. It is whether due to the ineffective assistance of a counsel suffering from actual conflict of interest petitioner was compelled to spend 15 months in prison when the plea agreement he agreed to was between 6-12 months." (*Sic*) (Pet.'s Reply Mem., ¶ 5.) Whether a feeble attempt at cunning or the result of simple confusion, this representation is decidedly false. His initial motion is unequivocal: "The Petitioner seeks to vacate this conviction and sentence on the following grounds . . . the guilty plea was entered into involuntarily and unknowingly due to the trial counsel's failure to adequately warn of the possible immigration consequences of pleading guilty." (Motion, at 4.) There is no second ground. And his motion is dedicated exclusively to this argument.

12.     Regardless, this new ground is equally without merit. As described above, Jacob takes issue with the fact that he spent 15 months in pre-trial detention (whereas the recommended Guideline sentence in the plea agreement called for 6-12 months), arguing that his attorney should have filed a Speedy Trial Act ("STA") motion. See 18 U.S.C. §§ 3161, *et seq.*

---

[5] Judge Hartley does reference the conviction in the course of denying Jacob's application for voluntary departure. But this Court finds this consequence insufficiently prejudicial. See Strickland, 466 U.S. at 700 ("Failure to make the required showing of . . . sufficient prejudice defeats the ineffectiveness claim."). And even if this were not so, he cannot sustain this claim for the reasons discussed above. See *supra*, ¶ 8.

The STA requires that a defendant be brought to trial within 70 days of his indictment, 18 U.S.C. § 3161(c)(1). A violation of this provision requires dismissal of the indictment. 18 U.S.C. § 3162(a)(2). But time may be excluded from the 70-day clock for certain enumerated reasons, or when it serves "the ends of justice." 18 U.S.C. § 3161(h).

Here, time was properly excluded throughout the proceedings against Jacob, and all 70 days remained on the clock on October 29, 2010, when Jacob pled guilty. (See Minute Entries; Docket Nos. 41, 45.) Accordingly, a motion under the STA would have been futile, and Jacob therefore cannot demonstrate that his counsel was deficient in failing to bring such a motion. See Baugh v. United States, 53 F. App'x 572, 573 (2d Cir. 2002) (summary order) (affirming district court's denial of petitioner's § 2255 motion where STA motion would have failed).[6]

13. Further, seemingly grasping at straws, Jacob accuses his attorney of an "actual conflict," which apparently hampered his ability to make an STA motion. But he offers no explanation—in fact, no details at all—about this alleged conflict. This charge is therefore readily dismissed. See Newfield v. United States, 565 F.2d 203, 207 (2d Cir.1977) (a § 2255 motion supported by a "sufficient" affidavit including detailed and controverted issues of fact warrants a hearing, but "bald allegations" unsupported by

---

[6] In any event, any error associated with the imposition of the time-served sentence is now moot. See U.S. Const., Art. III, § 2, cl. 1 ("case" or "controversy" requirement). To satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision. United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999). An appeal of a sentence is justiciable under some circumstances. See United States v. Hamdi, 432 F.3d 115, 118 (2d Cir. 2005) (finding appeal justiciable after expiration of term of imprisonment if it would relieve the convicted defendant of some "concrete and identifiable collateral effect of that sentence"). But here, in accordance with the discussion above, Jacob points to no potential redress: he has served his time and his conviction did not affect his removal. See United States v. Fernandez-Quesada, No. 06-4446-CR, 2008 WL 55984, at *1 (2d Cir. Jan. 4, 2008) (summary order) (dismissing appeal on mootness grounds where "time-served" sentence was above Guidelines range).

7

evidentiary facts do not).

****

14. For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Astuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted). Petitioner has made no such substantial showing of the denial of a constitutional right in this case. Accordingly, a certificate of appealability is denied.

****

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 54) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that the Clerk of the Court is directed to close case 11-CV-482S.

SO ORDERED.

Dated: August 11, 2012
       Buffalo, New York

                                                     William M. Skretny
                                                     WILLIAM M. SKRETNY
                                                     Chief Judge
                                                     United States District Court